Jose Francisco Ballesteros
**RODRIGUEZ,**
Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 10–73120.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2013.*

Filed March 8, 2013.

John E. Ricci, Law Office of Ricci and
Sprouls, San Francisco, CA, for Petitioner.

William Clark Minick, Trial, U.S. Department of Justice, Janice Kay Redfern,
Esquire, Washington, DC, Chief Counsel
ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and
MURGUIA, Circuit Judges, and
McNAMEE, Senior District Judge.**

MEMORANDUM ***

Petitioner Jose Francisco Ballesteros
Rodriguez, a native and citizen of Mexico,
petitions for review of the dismissal of his
appeal by the Board of Immigration Appeals ("BIA"). The Immigration Judge
("IJ") denied his application for cancellation of removal, finding that Ballesteros
Rodriguez furnished false testimony in order to obtain a benefit under the Immigration and Nationality Act ("INA") and, pursuant to 8 U.S.C. § 1101(f)(6), lacked good
moral character. The BIA similarly concluded that Ballesteros Rodriguez failed to
demonstrate good moral character and rejected his contention that he timely and
voluntarily recanted his false testimony.
We have jurisdiction pursuant to 8 U.S.C.
§ 1252 to review nondiscretionary determinations of statutory ineligibility, *Gomez–
Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th
Cir.2005), and review for substantial evidence the agency's factual findings regarding whether an applicant falls into one of
the per se categories set forth in 8 U.S.C.
§ 1101(f), *Urzua Covarrubias v. Gonzales,*
487 F.3d 742, 747 (9th Cir.2007). We deny
the petition for review.

Substantial evidence supports the agency's determination that Ballesteros Rodriguez furnished false testimony under oath
in order to obtain a benefit under the INA
and, in accordance with 8 U.S.C.
§ 1101(f)(6), is ineligible for cancellation of
removal because he lacks good moral character. Ballesteros Rodriguez testified at
his August 2009 removal hearing that, due
to an injury, he was unemployed for a two-year period during which he received disability compensation. When his hearing
resumed in December 2009, Ballesteros
Rodriguez produced employment records
demonstrating that he was employed under an alias during the two-year period in
question. When questioned by the IJ

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** The Honorable Stephen M. McNamee, Senior
District Judge for the U.S. District Court for
the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

about the inconsistencies between his August 2009 testimony and employment records, Ballesteros Rodriguez acknowledged that he testified untruthfully, explaining that he "did not want to report that [he] had worked during those years because [he] thought it was going to affect [him]." Ballesteros Rodriguez then lied about the year he suffered his injury, fearing the IJ's discovery that he worked while collecting disability benefits would adversely affect his cancellation of removal application.

Ballesteros Rodriguez contends that 8 U.S.C. § 1101(f)(6) does not render him ineligible for cancellation of removal because he timely and voluntarily recanted his false testimony. As we explained in *Valadez–Munoz v. Holder*, "when a person supposedly recants only when confronted with evidence of his prevarication, the amelioration is not available." 623 F.3d 1304, 1310 (9th Cir.2010). Such is the case here: Ballesteros Rodriguez made no voluntary effort to recant his false testimony and was forthcoming about his deception only after the IJ confronted him. Accordingly, substantial evidence supports the agency's determination that Ballesteros Rodriguez neither timely nor voluntarily recanted his false testimony.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.